CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG -2 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KEVIN DOTSON, <br> Plaintiff, | Civil Action No. 7:17-cv-00269 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR HAROLD CLARKE, <br> Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Kevin Dotson, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983 by no earlier than June 6, 2017. At the onset of the action, the court permitted Plaintiff to apply to proceed in forma pauperis but advised Plaintiff that such permission would be rescinded if Plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

Upon a review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before commencing this action. See Dotson v. Pocahontas State Corr. Ctr., No. 7:17cv195, slip op. (W.D. Va. June 1, 2017) (dismissed without prejudice as frivolous); Dotson v. United States Dist. Court, No. 7:17cv194, slip op. (W.D. Va. June 1, 2017) (dismissed without prejudice as frivolous); Dotson v. Teller, No. 7:13cv476, slip op. at 2 (W.D. Va. Dec. 6, 2013) (dismissed without prejudice as frivolous); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (noting dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Accordingly, I dismiss the action without

prejudice due to Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

**ENTER:** This 2nd day of August, 2017.

Senior United States District Judge